UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HI-TEC ASSOCIATES, INC.,

    Plaintiff,

v.                       Case No. 8:10-cv-2313-T-33EAJ

ROBERT DAILEY,

    Defendant/Counter-Plaintiff,

v.


HI-TEC ASSOCIATES, INC., ROY DIXON,
JR., ERICA ROBERTSON, and ONYX
INTELLIGENCE SOLUTIONS, LLC,

    Counter-Defendants.
_____/

## ORDER

    This matter comes before the Court pursuant to Robert Dailey's Motion for Default Judgment Against Hi-Tec Associates, Inc. (Doc. # 33), which was filed on June 22, 2011. Hi-Tec Associates, Inc. is in default and has otherwise failed to submit a response in opposition to the Motion. For the reasons that follow, the Court grants the Motion.

## I. Background

    Hi-Tec, through counsel, initiated this action on October 15, 2010, by filing a complaint against Dailey containing the following counts: (1) injunctive relief; (2)

breach of contract; (3) breach of contract/confidentiality provision; (4) breach of duty of fiduciary duty; (5) breach of duty of loyalty; (6) tortious interference with a business relationship; (7) defamation; (8) slander; (9) self-dealing; and (10) intentional misrepresentation or negligent misrepresentation. (Doc. # 1).

On December 7, 2010, Dailey filed his answer, affirmative defenses, and a verified breach of contract counterclaim against Hi-Tec. (Doc. # 5). Dailey later amended his verified counterclaim to include Roy Dixon, Jr., Erica Robertson, and Onyx Intelligence Solutions, LLC as counter-defendants. (Doc. # 30). Dailey's amended verified counterclaim includes the following counts: (1) breach of contract against Hi-Tec; (2) shareholder oppression against Dixon, Robertson, and Onyx Intelligence; (3) breach of fiduciary duty against Dixon and Robertson; and (4) derivative shareholder action under Florida Statute Section 607.07401 against Dixon, Robertson, and Onyx Intelligence. Id.

On April 19, 2011, Hi-Tec's counsel moved to withdraw from representing Hi-Tec. (Doc. # 25). The Court granted the motion to withdraw on April 21, 2011 (Doc. # 26), and because Hi-Tec is a corporation, the Court required Hi-Tec to retain substitute counsel within fourteen days of the

2

date of that Order.[1]   The Court's April 21, 2011, Order warned Hi-Tec that failure to retain substitute counsel could "result in the entry of a default or other sanctions." Id. at 2.

On May 11, 2011, this Court entered a detailed Order to Show Cause (Doc. # 28) based upon Hi-Tec's failure to retain substitute counsel.   Hi-Tec did not meet the Court's Order to Show Cause deadline of May 23, 2011, and it did not file an extension motion or otherwise challenge the findings contained in the Court's Order to Show Cause. Accordingly, based on Hi-Tec's failure to respond to the Order to Show Cause, failure to retain counsel, and failure to prosecute, this Court entered a default against Hi-Tec as to Dailey's verified amended counterclaim for breach of contract.   (Doc. # 29, 31).   The Court also dismissed Hi-Tec's complaint on the basis of Hi-Tec's failure to prosecute. Id.   Dailey now seeks a default judgment against Hi-Tec for the sum certain of $516,164.75.   Dailey's Motion for Default Judgment concerns only Dailey's amended breach of contract counterclaim against Hi-Tec.   This counterclaim is predicated upon an employment contract and stock

---

[1] See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985); M.D. Fla. R. 2.03(e).

agreement, which are attached to the amended counterclaim. (Doc. # 30-1).

## II. <u>Analysis</u>

Entry of a default judgment is a proper sanction for a defendant corporation's failure to obtain counsel. <u>See</u> <u>e.g.</u> <u>Kaplun v. Lipton</u>, No. 06-20327-CIV, 2007 WL 707383 (S.D. Fla. Mar. 5, 2007)(entering default judgment against corporate defendant for failure to obtain counsel per court order); <u>Tumi v. Wally's Waterfront, Inc.</u>, No. 2:05-cv-551-FtM-29SPC, 2007 WL 678013 (M.D. Fla. Mar. 5, 2007)(finding entry of default judgment appropriate after corporate defendant failed to obtain counsel as directed by court).

This Court has given Hi-Tec ample opportunity to comply with the Local Rules of this Court as well as this Court's Orders, and as of the date of this Order, Hi-Tec remains in noncompliance.   Entry of default judgment is therefore appropriate.

Dailey is entitled to a default judgment against Hi-Tec on the basis of his breach contract counterclaim.  With respect to this counterclaim, Dailey alleges that he entered into an employment contract with Hi-Tec on May 27, 2008, to become the President and Chief Executive Officer of Hi-Tec, and that Hi-Tec wrongfully terminated his employment without just cause on September 16, 2010. (Doc.

# 30 at ¶¶ 18, 19, 67). Hi-Tec responded to the counterclaim on January 19, 2011, claiming that Dailey was terminated for cause. (Doc. # 14).

In conjunction with the Motion for Default Judgment, Dailey filed an affidavit indicating that he is owed the following amounts from Hi-Tec: $152,000.00 in severance representing one year's salary; $8,655.00 in unpaid vacation time; $25,200.00 in health insurance coverage; $12,000.00 for one year's automobile allowance; $280,000.00 representing the fair market value of the Hi-Tec stock Dailey owns, which Hi-Tec has not repurchased; and $38,309.75 in attorney's fees and costs. (Doc. # 34-1 at 4-5).

Dailey's demands are supported by the terms of the employment contract, stock agreement, and uncontested affidavit before the Court. With respect to Dailey's demand for $152,000.00 in severance, Dailey indicates in his affidavit that, at the time of his termination, his base salary was $152,000.00. (Doc. # 34-1 at 2, ¶ 7). The employment contract states, "If the Executive's employment is terminated by Employer without Cause . . . Executive (i) shall receive Executive's accrued and unpaid base salary through the date of termination . . .; (ii) shall

receive an amount equal to one year's base salary as severance." Id. at 15, ¶ 9.

With respect to Dailey's demand for unpaid vacation time, Dailey indicates in his affidavit, "At the time of my termination, I was owed three weeks of accrued vacation time, at the value of $2,885.00 per week." Id. at 3, ¶ 8.

As to Dailey's demand for health insurance payments, the employment contract contains a provision indicating, "If the Executive's employment is terminated by Employer without Cause . . . Executive . . . shall have his health insurance . . . paid for one year." Id. at 15, ¶ 9. Dailey specifies in his affidavit that the cost of his health insurance has been $25,200.00 for the year following his termination. Id. at 3, ¶ 10.

Concerning Dailey's request for an automobile allowance, the employment contract provides a $1,000.00 per month automobile allowance and specifies that an executive terminated without cause is entitled to that automobile allowance for one year after termination. Id. at 8, ¶ 4.5; 15, ¶ 9.

With respect to Dailey's demand to be paid for his stock in Hi-Tec, Dailey indicates in his affidavit: "Under the terms of my Employment Agreement and Stock Agreement with Hi-Tec, upon termination, Hi-Tec was to repurchase my

stock at fair market value as of the date of my termination." Id. at 4, ¶ 14. Dailey has tendered evidence based on generally accepted principals in the industry and Hi-Tec's financial statements, supporting his claim that the stock in question is valued at $280,000. Id. at 29-31.

Concerning Dailey's demand for attorney's fees and costs, the stock agreement contains an attorney's fees clause with a prevailing party provision. Id. at 26, ¶ 17. Dailey is the prevailing party in this action against Hi-Tec. The Court has dismissed Hi-Tec's claims against Dailey's failure to prosecute, and, by this Order, the Court is granting Dailey the relief he has requested against Hi-Tec.

The Court finds that the amounts claimed with respect to the breach of contract counterclaim against Hi-Tec are supported by Dailey's uncontested affidavit, the employment contract, and the stock agreement. (Doc. # 34-1). The Court therefore grants the Motion.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1. Robert Dailey's Motion for Default Judgment against Hi-Tec Associates, Inc. (Doc. # 33) is **GRANTED.**

2. The Clerk is directed to enter a Default Judgment in Favor of Robert Dailey against Hi-Tec Associates, Inc. in the amount of $516,164.75.

3. This matter shall remain pending as between Dailey and Dixon, Robertson, and Onyx Intelligence Solutions.

   **DONE** and **ORDERED** in Chambers, in Tampa, Florida this 27th day of July, 2011.


                                        VIRGINIA M. HERNANDEZ COVINGTON
                                          UNITED STATES DISTRICT JUDGE


Copies to: All Counsel and Parties of Record